SURÍS, PETICIONARIO, v. HERNÁNDEZ, SECRETARIO DE LA CORTE SUPREMA, DEMANDADO.

SOLICITUD para que se expida auto de mandamus al Secretario de la Corte Suprema de Puerto Rico con motivo de la certificación de una transcripción de autos en un caso apelado a la Corte Suprema de los Estados Unidos.

No. 145.—Resuelto en junio 8, 1914.

TRANSCRIPCIÓN DE AUTOS—CERTIFICACIÓN POR EL SECRETARIO DE LA CORTE SUPREMA—COPIA PREPARADA POR EL ABOGADO—DERECHOS QUE DEBEN COBRARSE.—La Ley de marzo 12, 1908, página 71, fijando determinados derechos, es aplicable a la copia certificada por el secretario de la Corte Suprema de la transcripción de autos de un caso apelado a la Corte Suprema de los Estados Unidos, y de acuerdo con la misma dicho funcionario debe cobrar

15 cts. por cada 100 palabras y 50 cts. por el certificado, sin que el hecho de que la transcripción de autos haya sido preparada por el abogado la exima del pago de la totalidad de dichos derechos.

Los hechos están expresados en la opinión.

Abogado del peticionario: *Sr. Fernando Vázquez.*

El demandado no compareció.

El Juez Asociado Sr. Aldrey, emitió la opinión del tribunal.

En la presente solicitud de *mandamus* se alega por el peticionario Juan Surís Cardona que en apelación que tiene pendiente para ante el Tribunal Supremo de los Estados Unidos contra sentencia dictada por nosotros, preparó la transcripción del récord que ha de remitirse a aquel tribunal y la entregó al secretario del Tribunal Supremo de Puerto Rico para que certificara su exactitud y la remitiera al tribunal de apelación, pero que dicho funcionario se ha negado a certificar dicho documento sino le satisfacen $36.50 en sellos de rentas internas para adherirlos a la transcripción, y entendiendo el peticionario que no tiene derecho para esa exigencia y quizás a lo sumo para cobrar 50 centavos, solicita que libremos un auto perentorio de mandamus para que el secretario certifique la transcripción sin cobrar derechos o sólo 50 centavos.

El fundamento de la petición es que la Ley de 12 de marzo de 1908 titulada "Ley fijando determinados derechos" no es aplicable a este caso.

Esa ley que se halla en la página 71 de las de 1908 dispone que "en todos los casos en que la ley no fijare otros derechos se recaudarán los siguientes;" y a continuación ordena que por cada copia de un documento o record oficial expedido por cualquier departamento, negociado o ramo del Gobierno Insular, o por cualquier tribunal se pagarán 15 centavos por cada cien palabras y 50 centavos por el certificado del funcionario que lo expida.

La cuestión en este caso no es que la cantidad reclamada sea excesiva sino indebida excepto tal vez por 50 centavos,

y como no hay otra ley que regule el cobro de derechos por el secretario de este tribunal, la cuestión a resolver es si es o nó aplicable a certificaciones libradas por nuestro secretario.

Aun cuando es cierto que no hay ley que permita que los funcionarios de este tribunal cobren derechos por sus servicios en la tramitación de los asuntos que resolvemos, sin embargo la citada ley es general para los departamentos del Gobierno Insular y para cualquier tribunal al exigir que se cobren determinados derechos por las copias certificadas que libren de documentos o récords oficiales y por tanto el secretario de este tribunal tiene el deber de exigir los derechos especificados en esa ley por las copias certificadas que libre.

El hecho de que la transcripción no haya sido preparada por el secretario o sus empleados sino por los del abogado del peticionario no exime del pago de los derechos, ya que la ley no hace diferencia respecto á la persona que prepare la certificación, según resolvimos en abril 13 de 1914 en el caso de *Vidal* v. *Marrero, Secretario Corte de Distrito.*

Debe negarse la expedición del auto de *mandamus.*

> *Desestimada la solicitud y denegada la expedición del auto de* mandamus.

Jueces concurrentes: Sres. Asociados Wolf, del Toro y Hutchison.

El Juez Presidente Sr. Hernández, no tomó parte en la resolución de este caso.